IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARM CITY HEMP, LLC, *et al.*,

    *Plaintiffs*,

    v.

GOVERNOR WES MOORE, *et al.*,

    *Defendants*.

Civil No.: 1:25-cv-01744-JRR

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion to Extend Deadline for Filing Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5) (ECF No. 49, the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion will be denied.

## I.    BACKGROUND

Plaintiffs—a collection of hemp farmers, hemp retailers, an advocacy organization formed on behalf of hemp farmers, and a consumer of hemp products—initiated the instant action to enjoin Defendants—the State of Maryland, the Governor of Maryland, the Maryland Cannabis Administration and its executive director, and the Maryland Alcohol, Tobacco, and Cannabis Commission and its executive director (collectively, the "State Defendants"), and Richard Worley, Commissioner of the Baltimore City Police Department—from enforcing various provisions of Maryland law and regulations (specifically as to Maryland's Cannabis Reform Act ("CRA")) relating to hemp and cannabis products. Plaintiffs' Complaint set forth the following counts:

> Count I: Declaratory Judgment And Injunctive Relief - Violation Of Rights To Equal Protection Of The Law Under Fourteenth Amendment (Discrimination In Ability To Acquire A License) And Under 42 U.S.C. § 1983;

> Count II: Declaratory Judgment And Injunctive Relief - Violation Of Right To Due Process Of Law Under Fourteenth Amendment And Violation Of Civil Rights Pursuant To 42 U.S.C. § 1983;
>
> Count III: Declaratory Judgment And Injunctive Relief - Violation Of Dormant Commerce Clause And Violation Of Civil Rights Under 42 U.S.C. § 1983; and
>
> Count IV: Taking Without Just Compensation Under Fourteenth Amendment Of The United States Constitution And Violation Of Civil Rights Pursuant To 42 U.S.C. § 1983.

(ECF No. 1 at pp. 32–39.)  In addition to declaratory and injunctive relief, Plaintiffs sought an award of "actual damages after a jury trial," "punitive damages", "attorneys' fees", and "whatever other relief the justice of the cause may demand." *Id.* at pp. 34, 36, 38, 39.

Following the Complaint, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6), seeking an injunction as to the first three counts of the Complaint, which the court denied on July 30, 2025.  (ECF No. 31.)  On July 7, 2025, Defendant Richard Worley filed a Motion to Dismiss (ECF No. 22), which the court granted on July 30, 2025, dismissing Plaintiffs' Complaint as to Defendant Worley only.  (ECF No. 33.)

State Defendants filed a Motion to Dismiss on August 11, 2025.  (ECF No. 34.)  On September 24, 2025, Plaintiffs filed a Motion to Amend, seeking leave to file a first amended complaint.  (ECF No. 44.)  Subsequently, on March 27, 2026, the court entered a memorandum opinion and order granting State Defendants' Motion to Dismiss and denying Plaintiffs' Motion to Amend.  (ECF Nos. 47, 48.)  The court dismissed Plaintiffs' Complaint in its entirety as against State Defendants for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  The court held: (1) Eleventh Amendment sovereign immunity barred Plaintiffs' claims against State Defendants; (2) Governor Wes Moore was not a proper party to the action; and (3) Plaintiffs lacked Article III standing to challenge the constitutionality of the CRA's licensure application, shelf-space requirements, and recent hemp flower enforcement

actions. (ECF No. 47 at pp. 18–34.) Additionally, the court denied Plaintiffs' Motion for Leave to Amend to file a first amended complaint, holding that the proposed amendments would be futile because they did not offer new facts or allegations which would affect the court's analysis as to the jurisdictional defects of Plaintiffs' Complaint. *Id.* at pp. 34–39.

On April 28, 2026, Plaintiff filed the instant Motion, seeking leave to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)—outside of the 30-day window permitted by Federal Rule of Appellate Procedure 4(a)(1)(A).[1] The next day, Plaintiff filed a Notice of Appeal regarding the court's memorandum opinion and order of March 27, 2026. (ECF No. 50.) State Defendants filed a response in opposition to the Motion on May 1, 2026. (ECF No. 54.) On the same day, the court entered an order setting an expedited deadline of 12:00 p.m., Tuesday, May 5, 2026, for Plaintiffs' reply in support of their Motion. (ECF No. 55.) Plaintiffs did not submit a reply or request extension of the deadline to do so.

## II.    LEGAL STANDARDS

### A. Federal Rule of Appellate Procedure 4(a)(5)

"Notice of appeal in a civil suit 'must' be filed within thirty [30] days of the entry of the judgment." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996) (quoting FED. R. APP. P. 4(a)(1)). "This limitation is 'mandatory and jurisdictional.'" *Id.* (quoting *Shah v. Hutto,* 722 F.2d 1167, 1167 (4th Cir.1983) (*en banc*)). Pursuant to Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the appeal period in limited circumstances. Rule 4(a)(5) provides in pertinent part:

> **(A)** The district court may extend the time to file a notice of appeal if:
> > **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> > **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule

---

[1] Federal Rule of Appellate Procedure 4(a)(1)(A) provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A).

> 4(a) expires, that party shows excusable neglect or good
> cause.

FED. R. APP. P. 4(a)(5)(A).  As explained in the Advisory Committee notes for the 2002 amendments to Rule 4:

> The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990).  They are not interchangeable, and one is not inclusive of the other.  The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault--excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

FED. R. APP. P. 4 advisory committee note (2002 Amendments, Subdivision (a)(5)(A)(ii)).

## III.    ANALYSIS

As set forth above, on March 27, 2026, the court dismissed Plaintiffs' Complaint and denied Plaintiffs leave to file an amended complaint.  (ECF Nos. 47, 48.)  Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiffs had until Monday, April 27, 2026, to file a notice of appeal.  Plaintiffs filed the instant Motion one day after the deadline, on April 28, 2026.  Therefore, the Motion is timely pursuant to Section 4(a)(5)(A)(i), and the court must assess whether Plaintiffs demonstrate good cause or excusable neglect pursuant to Section 4(a)(5)(A)(ii).

Prior to the expiration of the 30-day deadline, on April 22, 2026, "the Acting Attorney General of the U.S. Department of Justice place[d] drug products containing marijuana that have been approved by the Food and Drug Administration (FDA) in [S]chedule III of the Controlled Substances Act ("CSA")."[2,3]  Accordingly, products containing marijuana, also

---

[2] Schedules of Controlled Substances: Rescheduling of Food and Drug Administration Approved Products Containing Marijuana From Schedule I to Schedule III; Corresponding Change to Permit Requirements, Att'y Gen. Ord. No. 6754-2026 (April 22, 2026), https://justice.gov/opa/media/1437751/dl

[3] The order further provides: "In general, this final rule applies to marijuana as defined in the CSA, marijuana extracts, and delta-9tetrahydrocannabinol and other compounds derived from the marijuana plant (other than the mature stalks and seeds) that falls outside the definition of hemp, to the extent that any of these are included in an

known as cannabis, approved by the FDA (or subject to state medical marijuana licensure) were rescheduled from Schedule I drugs to Schedule III drugs under the CSA. The rescheduling does not pertain to all cannabis, as asserted by Plaintiffs, or to cannabis products that fall under the federal definition of hemp; rather, it initiates "an expedited administrative hearing process to consider the broader rescheduling of [cannabis] from Schedule I to Schedule III[,]" beginning June 29, 2026.[4]

Plaintiffs initially elected not to file an appeal in this matter due to "contrary Fourth Circuit case law and conflicting case law in other Circuit Courts of Appeal." (ECF No. 49 ¶ 1.) Plaintiffs now seek leave to file a notice of appeal in light of the recent change in law rescheduling certain cannabis products, which they contend may revive their previously dismissed claims under the Dormant Commerce Clause and Equal Protection Clause. *Id.* ¶ 6. They assert that both excusable neglect and good cause exist to warrant extension of the appeal deadline in this action because Plaintiffs' counsel did not learn of the recent rescheduling change until the afternoon of Tuesday, April 28, 2026, when he received "word from his client[.]" *Id.* ¶¶ 3–4. Plaintiffs represent that counsel did not learn of the recent changes because he spent the prior weekend preparing for a hearing in a separate matter, which took place in the District Court for Baltimore City, Maryland, on Monday, April 27, 2026—the last day to file a timely notice of appeal. *Id.* They assert "[i]t would seem to be in the interests of judicial economy to have the matter presented to the Appellate Court for guidance given recent changes in the law, rather than filing a new lawsuit in this Court." *Id.* ¶ 6.

State Defendants oppose an extension of the appeals deadline and argue: (1) "[t]he

---

FDA-approved drug product or are subject to a state-issued license to manufacture, distribute, and/or dispense marijuana or products containing marijuana for medical purposes ("state medical marijuana license")." *Id.*

[4] Press Release, Office of Public Affairs, U.S. Department of Justice, Justice Department Places FDA-Approved Marijuana Products and Products Containing Marijuana Subject to a Qualifying State-issued License in Schedule III, Strengthening Medical Research While Maintaining Strict Federal Controls (April 23, 2026), https://www.justice.gov/opa/pr/justice-department-places-fda-approved-marijuana-products-and-products-containing-marijuana

rescheduling of medical cannabis does not provide good cause to extend time for Plaintiffs to file a notice of appeal . . . because it does not affect the jurisdictional defects in Plaintiffs' complaint"; (2) no force outside of Plaintiffs' control prevented them from filing a timely notice; (3) raising new factual and legal issues for the first time on appeal is not "the province of an appeal" and not "judicially economical"; and (4) the rescheduling of medical cannabis one week prior to Plaintiffs' deadline to file a notice of appeal does not constitute excusable neglect.  (ECF No. 54 ¶¶ 2–7.)

The court is not persuaded to extend the deadline to file an appeal on the arguments presented in the Motion.  "Courts have held that the mere 'inadvertence or neglect of counsel to file in timely fashion will not suffice' to demonstrate good cause."  *Better-Primrose v. Citimortgage, Inc.*, No. RWT 11CV3395, 2012 WL 13013091, at *1 (D. Md. July 24, 2012) (quoting *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995)).  With respect to excusable neglect, the Fourth Circuit has adopted "an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Liu v. Kennedy*, No. 8:23-CV-3513-PX, 2026 WL 100601, at *2 (D. Md. Jan. 14, 2026) (quoting *Thompson,* 76 F.3d at 533) (internal quotations omitted)).  "A district court should find 'excusable neglect' only in the '*extraordinary cases where injustice would otherwise result.*'"  *Thompson,* 76 F.3d at 534 (quoting notes to 1964 FED. R. CIV. P. 73(a)) (emphasis in original).

As an initial matter, the court notes that Plaintiffs cite no legal authority in support of their Motion.  Nonetheless, with respect to good cause, the court agrees with State Defendants that no force outside Plaintiffs' control prevented them from filing a timely notice of appeal. The intervening change in law cited by Plaintiffs took effect on April 22, 2026, five days prior

6

to the April 27 deadline for Plaintiffs to file a timely notice of appeal.  Plaintiffs' counsel's busy schedule in the days leading up to the filing deadline is the only proffered reason for their failure to file a timely notice of appeal.  "[A]s a matter of federal common law, an attorney's failure to meet a filing deadline due to workload or inattention generally does not constitute good cause."  *United States v. One 2007 Harley Davidson St. Glide Motorcycle VIN 1HD1KB4197Y722798*, 982 F. Supp. 2d 634, 639 (D. Md. 2013).  Accordingly, Plaintiffs fail to demonstrate good cause.

As for excusable neglect, the court finds that the relevant circumstances of this case do not warrant an extension of the appeals deadline.  Plaintiffs' counsel's lack of awareness of the federal rescheduling of medical cannabis does not rise to the level of an extraordinary case where injustice would otherwise result.  *See Howes v. Rumsfeld*, No. CV WMN-04-1083, 2006 WL 8456605, at *3 (D. Md. Aug. 30, 2006) (holding that "[c]ounsel's lack of awareness of the pendency of a case before the Supreme Court that was potentially relevant to his client's claims or miscalculation of the potential significance of that case is not such an extraordinary situation.").  Moreover, the change in law would not have a significant impact on the proceedings in this case because, as set forth above, Plaintiffs' claims were dismissed on purely jurisdictional grounds and not on their merits.

As State Defendants' note, Plaintiffs—a collection of hemp farmers, hemp retailers, an advocacy organization formed on behalf of hemp farmers, and a consumer of hemp products— brought this action alleging that their products, "while being derived from hemp and not marijuana, and therefore lawful under Federal Law pursuant to the 2018 Farm Bill, cannot meet the new standard for maximum milligrams of THC imposed by" Maryland's Cannabis Reform Act. (ECF No. 1 ¶ 30.)  As explained above, the recent change in law does not apply to cannabis products that fall under the federal definition of hemp.  *See* footnote 2, *supra.*  Accordingly, Plaintiffs fail to demonstrate excusable neglect warranting extension of the appeals deadline.

Plaintiffs assert no other grounds in support of the Motion, and the court discerns none. Therefore, in summary, the court finds that Plaintiffs fail to demonstrate excusable neglect or good cause to extend the appeals deadline in this matter.

## IV.   <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, it is this 14th day of May 2026, **ORDERED** that Plaintiffs' Motion (ECF No. 49) shall be, and is hereby, **DENIED**.

/S/

Julie R. Rubin
United States District Judge